UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DERRICK LEE SMITH et al.,

                Petitioners,

v.

SEAN JOHN COMBS et al.

                Respondents.

_____/

Case No. 2:26-cv-95

Honorable Jane M. Beckering

**OPINION DISMISSING WITHOUT PREJUDICE THE CLAIMS OF PETITIONER CARLI CARPENTER AND TRANSFERRING THE CLAIMS OF DERRICK LEE SMITH TO THE SIXTH CIRCUIT COURT OF APPEALS**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner Derrick Lee Smith, a frequent filer in the federal courts of Michigan, is incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The petition also names another petitioner: Carli Carpenter, a witness who testified against Petitioner Smith in the criminal proceedings that resulted in the convictions and sentences that Petitioner Smith is challenging.

I.      **Petitioner Carpenter**

Under 28 U.S.C. § 2254(a), district courts have jurisdiction to entertain petitions for habeas corpus relief "only from persons who are in custody in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (internal citation and quotation marks omitted). "[T]he habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id*. (citing *Carafas v. Lavallee*, 391 U.S. 234, 238 (1968)). "This language is jurisdictional: if a petitioner is not 'in custody' when she files

her petition, courts may not consider it." *Hautzenroeder v. DeWine*, 887 F.3d 737, 740 (6th Cir. 2018). There are no facts alleged in the petition that support an inference that Petitioner Carpenter was in custody at the time the petition was filed. Accordingly, the Court does not have jurisdiction over her habeas claims. Accordingly, those claims will be dismissed without prejudice.

## II.    Petitioner Smith

Petitioner Smith is serving multiple sentences imposed in separate criminal proceedings in the Wayne County Circuit Court in 1998, 2008, and 2019. MDOC's Offender Tracking Information System (OTIS) indicates that Petitioner is serving the following terms of imprisonment: four concurrent sentences of 17 years, 6 months to 35 years for four counts of first-degree criminal sexual conduct (CSC I), imposed on May 2, 2019; eight concurrent sentences of 22 years, 6 months to 75 years for six counts of CSC I and two counts of kidnapping, imposed on October 29, 2008; and two concurrent sentences of 6 to 15 years for two counts of third-degree criminal sexual conduct, imposed on May 26, 1998. *See* OTIS, https://mdocweb.state.mi.us/otis2/Search (enter Offender Number "267009," select "Search," select Offender Number "267009") (last visited June 9, 2026). Petitioner's present petition attached one of his 1998 convictions.

This is far from Petitioner's first habeas corpus action challenging any of his convictions and sentences. Petitioner "has filed many, many habeas corpus petitions in this Court and the United States District Court for the Eastern District of Michigan. Each of his prior petitions has been denied, dismissed, or transferred to the Sixth Circuit Court of Appeals as second and/or successive." *Smith v. Steward*, No. 1:21-cv-124, 2021 WL 457285, at *1 (W.D. Mich. Feb. 9, 2021) (discussing the history of Petitioner's prior habeas petitions). Notably, this Court denied Petitioner's habeas challenges to his 1998 convictions on the merits on August 28, 2007. *See id.* at *1 (citing *Smith v. White*, No. 2:06-cv-306 (W.D. Mich.)). The United States District Court for

2

the Eastern District of Michigan denied Petitioner's habeas challenge to his 2009 convictions on the merits on March 9, 2015. *See id.* (citing *Smith v. Bauman*, No. 2:10-cv-11052 (E.D. Mich.)). Finally, this Court denied Petitioner's habeas challenge to his 2019 convictions on the merits on October 5, 2021. *See Smith v. Probable Cause Conference Dir.*, No. 1:21-cv-794, 2021 WL 4550951 (W.D. Mich. Oct. 5, 2021).

The question before the Court is whether Petitioner's instant petition is subject to the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). 28 U.S.C. § 2244(b). Under the AEDPA, "a state prisoner always gets one chance to bring a federal habeas challenge to his conviction. . . . But after that, the road gets rockier." *In re Hill*, 81 F.4th 560, 567 (6th Cir. 2023), *cert. denied sub nom. Hill v. Shoop*, 144 S. Ct. 2531 (2024) (quoting *Banister v. Davis*, 590 U.S. 504, 509 (2020)) (internal citation and quotation marks omitted). "For petitions filed after the first one—'second or successive' in the language of § 2244(b)—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016).

"To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister*, 590 U.S. at 509 (citing 28 U.S.C. § 2244(b)(3)(C), (b)(1) and (b)(2)). However, the district court is responsible to initially determine whether a petition is "second or successive." *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012)

"'[N]ot all petitions filed second in time are 'second or successive' and thus subject to the restrictions of § 2244(b)." *In re Gutierrez*, No. 23-2004, 2024 WL 3333932, at *1 (6th Cir. Apr. 11, 2024), *cert. denied sub nom. Gutierrez v. Miniard*, 145 S. Ct. 261 (2024) (quoting *In re Hill*, 81 F.4th at 568). However, as the Sixth Circuit recently summarized:

A second-in-time petition is not considered second or successive when (1) the second petition challenges a new state-court judgment; (2) the proposed claim would have been unripe at the time of the original petition; or (3) the proposed claim was not decided on the merits because it was dismissed as unexhausted. *In re Hill*, 81 F.4th at 568-69; *see In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017).

*In re Gutierrez*, 2024 WL 3333932, at *1.

As set forth above, three of Petitioner's previous habeas actions and the claims raised therein challenging his 1998, 2009, and 2019 convictions were denied on the merits. *See Smith*, 2021 WL 457285, at *1; *Smith*, 2021 WL 4550951, at *1. Moreover, Petitioner's present petition does not satisfy any of the three exceptions set forth by the Sixth Circuit. It does not challenge a new state-court judgment. The claims were not "unripe" at the time of the original petition. And the claims were not previously dismissed as unexhausted. Accordingly, the instant petition is second or successive within the meaning of § 2244(b).

Notably, this is not the first time that Petitioner has raised the challenges that he raises in the present petition. he raised them in the following cases: *Smith v. Combs*, No. 1:25-cv-571 (W.D. Mich.); *Smith v. Combs*, No. 1:25-cv-877 (W.D. Mich.); *Smith v. Bonn*, No. 1:25-cv-949 (W.D. Mich.); *Cardello-Smith v. Mccauley*, No. 2:25-cv-10754 (E.D. Mich.); *Cardello-Smith v. Mccauley*, No. 2:25-cv-11317 (E.D. Mich.) *Cardello-Smith v. Combs*, No. 2:25-cv-11486 (E.D. Mich.); *Cardello-Smith v. Bonn*, No. 2:25-cv-11802 (E.D. Mich.); *Cardello-Smith v. Combs*, No. 5:25-cv-12198 (E.D. Mich.); *Cardello-Smith v. Howard*, No. 5:25-cv-13591 (E.D. Mich.). The Sixth Circuit Court of Appeals has already concluded that the claims and the petitions raising them are second and successive and denied Petitioner Smith leave to file them. Order, *In re: Derrick Lee Cardello-Smith*, Nos. 25-1451, 1476 (6th Cir. Oct. 17, 2025).

Petitioner simply ignored those determinations when he filed the instant petition. As this Court has explained to Petitioner many times, before a second or successive application may be filed in the district court, the applicant must move in the court of appeals for an order authorizing

4

the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). Petitioner did not seek the approval of the Sixth Circuit Court of Appeals before filing this petition. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Dated:     June 12, 2026                              /s/ Jane M. Beckering
                                                      Jane M. Beckering
                                                      United States District Judge

5